W ethers, J.
delivered the opinion of the Court.
The count is in general indebitatus assumpsit, and charges that Jane Finley in her lifetime was indebted in the sum of six hundred dollars for work and labor and care and diligence bestowed, &c. by the plaintiff (Jane Hunter) while sole, at the special instance and request of the testatrix, who undertook and promised to pay the said Jane, “ when she the said Jane Finley should be thereunto afterwards requested.”
The pleas are the general issue, and the statute of limitations. Issue is joined on the first plea — and that of the statute is answered by alleging, “ that the said Jane Finley did in her lifetime, within four years and nine months next before the commencement of this suit, undertake and promise in manner and form” as the plaintiffs have complained.
Among other things the jury were charged, that a person might make a contract for services to be paid by will, or by a legacy, as well as make a contract to pay on any contingent future event, as the death of a father or a relative. *324 That in such case the statute would not begin to run until ' the time of demand. That a promise, express or implied, to J pay for services rendered, by a legacy or a will, was not de-mandable till the death of the promiser; and the statute would begin from that time. It was submitted to them on the evidence to determine whether there was proof of a contract, express or implied, by Mrs. Finley, to compensate the services of Jane McKay by her will. If so they should find a verdict for the plaintiff for the time she had served — deducting the value of a legacy which Mrs. Finley had bequeathed to Jane M.cKay. The jury found for plaintiffs a verdict for six hundred dollars.
The question we shall discuss and determine in this case is, whether it was correct to direct the jury that they should render a verdict for the plaintiffs if they thought, “ that a contract, express or implied, by Mrs. Finley, to compensate the services of Jane McKay by her will,” was established by the evidence. This position was essential to the plaintiffs, for without fixing the death .of Mrs. Finley as the period when the plaintiff’s cause of action accrued, they were effectually barred by the plea of the statute of limitations.
Supposing the proof satisfactory, that Mrs. Finley contracted to pay at her death by will, we believe it could riot support that contract which was set forth in the declaration, and that promise which was alleged, in the replication, to have been made within the statutory period before Mrs. Finley’s death.
There is no doubt that where there has been a special contract, and the plaintiff has performed his part of it, and nothing remains for the complete execution of it but the obligation of the defendant to pay money, the plaintiff may sue either on the special contract, or, as in this case, in indebitatus assump-sit. When the latter action is resorted to, what is its foundation? The same precisely, and no other, as if there had never been a special contract at all. That foundation is laid by proof that the plaintiff has rendered services (where the case is such as that now before us) to the defendant, at his request, and not gratuitously, which previous request may be inferred from circumstances, very various in description, and thereupon the law makes a certain implication, to wit, that the defendant shall be held liable to pay, in money, and not otherwise, when the consideration has been received, and at no other time — such sum as the services may, on proof, appear to be reasonably worth. Such is the import of the language employed in the plaintiff’s count in the present case, both in ordinary signification, and in legal intendment.
But that contract was disposed of by the plea of the statute. Whereupon the plaintiffs have resorted to proof of a contract essentially different from that set forth in the declaration, and have been allowed the benefit of the same, as implied *325 by law if not established as express, to avoid the bar of the statute, to wit, that Mrs. Finley promised to pay the plaintiff, Jane, not when thereunto afterwards requested, but at her death — not in money necessarily, but by will and in specific property, it might be.
Now it is believed that no such contract as this has ever been implied by law, nor is it believed that such a contract could be admitted in evidence to sustain a count in general indebitatus assumpsit. That there is some confusion among the cases that may be found in the books as to the instances in which the special contract may be waived and the action founded upon the legal implication, is quite true; and the efforts of Courts to extend to the utmost the species of equity which is supposed to be embraced in that form of remedy, may in some measure account for it. But it is to be traced rather to the occasional error, that where there has been a special contract, and yet the general assumpsit is resorted to, that the special contract, in some form or other, and to some extent or other, is be to incorporated into the legal foundation on which the plaintiff’s case must stand: Whereas in general assumpsit, the plaintiff does not rely at all on the special contract as constituting his legal right to recover, or as making any part of his case. He is to rely exclusively upon the inference of law, that upon proof that the defendant has received the consideration rhov-ing from the plaintiff, he has assumed to pay him, in money, upon request, the value of such consideration. How can. the law imply or infer that such payment shall be made at the death of the defendant, by the executor of the defendant, and in the form of a legacy by will ? Is there a word in the count of the plaintiff’s declaration that can admonish the defendant, an executor, in the case before us, that he. is to answer to such a contract as that ? It would seem to be undeniable that such a course of testimony as the plaintiffs have been permitted to adopt, and such an issue of fact as they have been allowed to present to the jury, upon such pleadings, must be calculated to work fatal surprise upon defendants, and thus defeat one of the leading objects and favorite boasts of special pleading. The replication alleged a renewed promise and assumption within a stated period, “ in manner and form as they the said plaintiffs have above thereof complained,” &c. — that is, to pay six hundred dollars when thereunto afterwards requested, not at the death of Jane Finley, by will. Suppose the proof had been a promise to pay at her death by the delivery of a particular bond, or in any other peculiar manner, and not in money, we should have had in principle only this case — and surely such evidence would not have pertained to the issue. As an example of this and in support of it, the case of Brooks v. Scott's ex'tr. may be *326 cited. The action was indebitatus assumpsit for services as overseer, which had been rendered to the deceased in his lifetime. The proof was that the plaintiff was employed as overseer for three years and was to receive 2000lbs. of tobacco per year. The testimony was ruled irrelevant, notwithstanding a verdict had been obtained on Circuit for plaintiff; and such a decision was deemed necessary to preserve the distinction between general and special counts, the barriers established for the safety of the defendant by apprising him of the real nature of the plaintiff’s claim, and enabling him to plead a former recovery in bar of a subsequent action. The following position may be found laid down in note (A.) 1 Steph. Nisi Prius, p. —; “ The plain tiff on producing a written contract may recover under a general indebitatus assump-sit, if the agreement has been fully performed by him, and there was nothing special in the contract in relation to the time and manner of payment; or the credit, if any, has expired.”
To apply another test: suppose in the plaintiff’s replication, the special matter offered in proof to avoid the bar of the statute, had been introduced, to wit, that the payment was to be made at the death of testatrix, by provision in her will; is it to be doubted that such a replication would have been pronounced a departure % If this be so there would seem to be an end of the argument.
It does not touch the question to say that in a case where general assumpsit has been adjudged to be an appropriate remedy, a special contract between the parties has been resorted to, upon the question of the value of services or materials. It has been so resorted to only as one species of evidence to ' fix that value ; it is not, in such case, any part of the plaintiff’s right to recover, nor even conclusive of the standard of compensation or value. The plaintiff recovers what he can, in any way, establish to be the proper compensation for the consideration he has given; and not unfrequently the defendant has resorted to the special contract to restrain the extent of the plaintiff’s claim.
The like very clear distinctions might be established between the case now before us and other instances where the general assumpsit may be resorted to though a special contract has been made: as where work and labor, or materials, have been afforded, though not strictly in pursuance of the terms of the special contract — and they have been accepted and appropriated by the defendant; or where the terms have been departed from by consent: or where the plain* iff has been prevented from completing his portion of the contract by the act of the defendant. The principles upon which the general assumpsit is allowed in the several classes of cases specified, do not help the plaintiffs here, as may be seen by consulting any treatise upon the subject.
*327 We see no occasion to discuss or to rule anything in relation to several other propositions that have been debated in t this case .On the part of plaintiffs a desire has been expressed, provided the case be sent back, that they be permitted to file a count upon a special contract. If they suppose they can establish such a contract, and thereby escape the bar of the statute of limitations, they are permitted to amend their declaration by setting forth the same, and posting the usual rule to plead.
It is ordered that the motion for new trial be granted.
Richardson, J. — O’Neall, J. — Evans, J. — and Ward-law, J. — concurred.

Motion granted.